IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
MARSHALL DIVISION

| | |
|---|---|
| DANNY NORRIS COLEMAN § | |
| § | |
| VS. § | CASE NO. |
| § | |
| TYSON FOODS, INC. § | |

PLAINTIFF'S ORIGINAL COMPLAINT

TO THE HONORABLE JUDGE OF SAID COURT:

NOW COMES DANNY NORRIS COLEMAN, Plaintiff, complaining of TYSON FOODS, INC., Defendant, and for cause of action would show the Court the following:

PARTIES

1. Plaintiff is a resident of Shreveport, Caddo Parrish, Louisiana.

2. Defendant, TYSON FOODS, INC., is an Arkansas Corporation licensed to do business in Texas with business locations in Texas, and can be served with citation by serving its registered agent for service, The Corporation Company at 124 West Capitol Ave; Suite 1900, Little Rock, AR 72201.

JURISDICTION AND VENUE

3. Tyson Foods, Inc. is subject to this Court's specific personal jurisdiction under due process and the Texas Long Arm Statue. Defendant has minimum contacts within the State of Texas and the Eastern District of Texas, and Defendant's contacts with the State of Texas resulted in Plaintiff sustaining injuries while working at a Tyson Food, Inc. plant located in Center, TX. The amount in controversy exceeds Seventy-Five Thousand Dollars ($75,000).

4.	Venue is proper in this District Court under 28 U.S.C. § 1391(b). This district is a judicial district in which a substantial part of the incident that is the subject of the action took place; and is one in which Defendant is subject to the Court's personal jurisdiction with respect to this action.

## FACTUAL ALLEGATIONS

5.	On or about March 19, 2019 in Center, Shelby County, Texas, Plaintiff was working as an employee at Tyson Food, Inc., located at 1019 Shelbyville St, operating a piece of machinery used to cut chickens that he had been instructed to use by his supervisor, Sedrick Thomas.

6.	Plaintiff had never worked on this particular machine in the approximately three years he had worked at Tyson. When he was instructed to work on this machine Plaintiff did not receive training or supervision on how to properly and safely operate this equipment with which he was unfamiliar.

7.	The Plaintiff was operating said machine, when suddenly and without warning, Plaintiff's glove became caught in the saw mechanism of the machine causing injury.

8.	As a result of this incident, Plaintiff sustained injuries including the loss of three fingers.

## CAUSES OF ACTION

9.	At the time and on the occasion above-described, the Defendant, TYSON FOODS, INC., was guilty of the following acts of negligence:

   a.	Failure to properly train Plaintiff how to appropriately and safely operate the machine in question.

   b.	Failure to properly and adequately supervise Plaintiff in the operation of the machine in question.

   c.	Failure to provide Plaintiff proper safety equipment including proper gloves to prevent an incident of this nature

      d.    Failure to properly maintain the equipment in question which resulted in Plaintiff's injuries.

      e.    Defendant knew, or should have known, failing to adequately train and supervise Plaintiff in the operation of said equipment could have resulted in an incident and injuries of this nature, yet failed to do so.

10.    Each of the above-described acts of negligence of Tyson Food, Inc.'s proximately caused the occurrence in question and resulting injuries and damages to the Plaintiff.

## GROSS NEGLIGENCE

11.    The wrong done by Defendant and/or their agents, servants, and officers was aggravated by the kind of conduct for which the law allows imposition of exemplary damages, in the Defendant's conduct, when viewed objectively from Defendant's standpoint at the time of the conduct, involved an extreme degree of risk, considering the probability and magnitude of the potential harm to others, and Defendant was actually, subjectively aware of the risk involved, but nevertheless proceeded with conscious indifference to the rights, safety, or welfare of others

## DAMAGES

12.    As a result of the above described negligence, the Plaintiff, DANNY NORRIS COLEMAN has been injured in the following respects:

    a.  Past physical pain, suffering, and mental anguish;

    b.  Hospital, medical, doctor, ambulance and pharmaceutical bills incurred in the past;

    c.  Physical impairment to the person of the Plaintiff that has been incurred in the past;

    d.  Physical pain, suffering, and mental anguish that the Plaintiff will, in all reasonable medical probability, suffer in the future;

    e.  Hospital, doctor, medical, and pharmaceutical bills which the Plaintiff will, in all reasonable medical probability, incur in the future;

    f.  Physical impairment to the person of the Plaintiff which, in all reasonable medical probability, she will suffer in the future;

g. Loss of earnings and earning capacity in the past;

h. Loss of earning capacity in the future;

i. For such other and further relief as the Court deems proper

## INTEREST

13. The Plaintiff hereby seeks all Pre-Judgment and Post-Judgment Interest in the maximum amounts as allowed by law on each separate and individual element of damage.

## PLAINTIFF'S LIFE EXPECTANCY

14. According to the United States Life Tables, 2018 National Vital Statistics Reports; Vol. 69, No. 12, Plaintiff has a life expectancy of 20.3 years and Plaintiff intends to use a certified copy of the United States Life Tables, 2018 National Vital Statistics Reports; Vol. 69 No. 12, and offer same into evidence at the time of trial.

## REQUEST FOR JURY TRIAL

15. Plaintiff hereby requests a trial by jury.

## PRAYER

WHEREFORE, PREMISES CONSIDERED, Plaintiff respectfully prays that upon a final hearing she have judgment against the Defendant, Tyson Food, Inc. for the injuries and damages he sustained in an amount exceeding $75,000.00 (Seventy Five Thousand Five Hundred and 0/100) DOLLARS; for pre-judgment interest; for all costs of suit, and for such other and further relief, general and special, legal and equitable, to which HE may be entitled to receive

Respectfully submitted,

BADDERS LAW FIRM, PC
4002 North Street
Nacogdoches, Texas 7596
(936) 564-6181 (telephone)
(936)564-8095 (facsimile)
badders@badderslaw.com

/s/ - Jeff B. Badders

_____

JEFF B. BADDERS
State Bar No. 01496850
badders@badderslaw.com
Matthew Hancock
State Bar No. 24072138
Matt.h@badderslaw.com
Attorneys for Plaintiff